[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10792
Non-Argument Calendar

_____

D.C. Docket No. 1:10-cr-00047-MCR-GRJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL EDWIN WARWICK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(January 8, 2013)

Before BARKETT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Daniel Edwin Warwick appeals his conviction for being a felon in

possession of a .22 caliber handgun, in violation of 18 U.S.C. §§ 922(g)(1) and

924(e).  Stipulations of the parties and evidence at trial established that Warwick, a

convicted felon, had pawned the firearm in question at Cash Money Pawn Shop in Chiefland, Florida, and that the firearm had traveled in interstate commerce.[1] At trial and on appeal, Warwick argues that the district court deprived him of his only opportunity to be acquitted when the district court declined to instruct the jury on an "innocent transitory possession" defense, which Warwick asserts prevented him from presenting an effective defense.

We review the district court's denial of a requested jury instruction for an abuse of discretion. *United States v. Palma*, 511 F.3d 1311, 1314–15 (11th Cir. 2008). We will reverse the denial of a requested jury instruction only if "(1) the requested instruction correctly stated the law; (2) the actual charge to the jury did not substantially cover the proposed instruction; and (3) the failure to give the instruction substantially impaired the defendant's ability to present an effective defense." *Id.* at 1315 (internal quotation marks omitted). Although a district court has broad discretion in formulating the charge to the jury, "a defendant is entitled to have presented instructions relating to a theory of defense for which there is *any foundation* in the evidence, even though the evidence may be weak, insufficient, inconsistent, or of doubtful credibility." *Id.* (internal quotation marks omitted).

---

[1] To prove that a defendant committed an offense under 18 U.S.C. § 922(g)(1), the government must establish "(1) that the defendant was a convicted felon, (2) that the defendant was in knowing possession of a firearm, and (3) that the firearm was in or affecting interstate commerce." *United States v. Deleveaux*, 205 F.3d 1292, 1297 (11th Cir. 2000). We have held that § 922(g) is a strict liability offense that does not require the government to prove that the defendant acted with specific criminal intent. *Id.* at 1298.

We cannot say that the district court abused its discretion in denying Warwick's request for a jury instruction on an innocent transitory possession defense.  We are unaware of any Eleventh Circuit or Supreme Court precedent which recognizes the availability of an innocent transitory possession defense in general or to a § 922(g)(1) charge in particular.  Indeed, in *Palma*, in affirming the district court's denial of the defendant's request for an innocent transitory possession defense, we noted that we had never recognized such a defense in a firearm possession case and that the majority of circuits to consider this defense had either declined to recognize it or expressly rejected it.  511 F.3d at 1316, n.3.  We went on to hold in *Palma* that, even assuming such a defense would be theoretically available, the district court did not abuse its discretion in refusing to instruct the jury because the defense was unsupported by the evidence in the case.  Id. at 1316–17.

Here, in considering Warwick's proposed jury instructions on an innocent transitory possession defense during its pretrial rulings, the district court noted that the Eleventh Circuit has not recognized this defense and has suggested that, even if it was to be a viable defense, it would be narrow and highly fact specific.  The district court went on to state that it was unaware of the facts of Warwick's case that would support such a defense but nonetheless, for the defense to be viable, would have to be in the nature of a justification defense.  *See e.g.*, *Deleveaux*, 205

3

F.3d at 1297 (holding that justification is an affirmative defense to a violation of §

922(g)(1)); *United States v. Bell*, 214 F.3d 1299, 1300 (11th Cir. 2000) (referring

to a defense based on an immediate emergency). Warwick never proffered the

specific evidence that he intended to introduce to support the innocent transitory

possession defense. Instead, when he stated generally that his evidence would be

in the nature of the length of time and circumstances that he was in possession of

the firearm, and not justification, the district court concluded that he could not

present an innocent transitory possession defense. During trial, Warwick presented

some evidence that he did not believe his possession of the firearm was wrong.

Here, as in *Palma*, even if we presume the existence of an innocent

transitory possession defense, Warwick never proffered any facts nor presented

evidence that would support a foundation for an innocent transitory possession

defense. Accordingly, we cannot say that the district court abused its discretion in

denying the proposed jury instruction.

**AFFIRMED.**

4